1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ADAM SHARPE,                          Civil No.      15cv1755 LAB (BGS)
     CDCR #V-04507,
12                                          **ORDER DISMISSING CIVIL**
13                        Plaintiff,        **ACTION:**

14                                          **1)   FOR FAILING TO PAY
                                            FILING FEES REQUIRED**
15                                          **BY 28 U.S.C. § 1914(a) AND/OR
                                            FAILING TO FILE A MOTION TO**
16               vs.                        **PROCEED *IN FORMA PAUPERIS***
                                            **PURSUANT TO 28 U.S.C. § 1915(a)**
17   UNNAMED,                               **AND**

18                                          **2)   FOR FAILING TO ALLEGE
                                            SUBJECT MATTER**
19                                          **JURISDICTION AND/OR**
                        Defendants.         **COMPLY WITH FED. R. CIV. P. 3,**
20                                          **8(a)(1)-(3) & 12(h)(3)**
21

22          Adam Sharpe ("Plaintiff"), a prisoner currently incarcerated at Calipatria State

23   Prison ("CAL"), and proceeding pro se, filed a letter with the Court on August 6, 2015,

24   while he was incarcerated at High Desert State Prison in Susanville, California. Plaintiff

25   appears to seek permission to file a civil rights complaint pursuant to 42 U.S.C. § 1983

26   in the Southern District of California against unidentified CAL officials based on his

27   "serious medical need[s]." *See* ECF Doc. No. 1 at 1.

28   / / /

In his letter, Plaintiff contends he "accidently" filed a complaint in the Central District of California, but soon after realized his claims arose in the Southern District; therefore, he requests that this Court send him a form § 1983 Complaint and an *in forma pauperis* ("IFP") application to file in the Southern District of California, just in case the Central District of California denies his request to transfer his previously filed civil action here based on its lack of proper venue. *Id.*

In an abundance of caution, and because Plaintiff is proceeding without counsel, the Court liberally construed his letter as an attempt to commence a civil action, and assigned it Civil Case No. 3:15-cv-1755-LAB-BGS. *See Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

## I.   FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

However, all parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, nor has he submitted a Motion to Proceed IFP as required by 28 U.S.C. § 1915(a). Therefore, this case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

/ / /

/ / /

---

[1]   In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## II.   INITIAL REVIEW OF PLAINTIFF'S PLEADING

Moreover, "[t]he first step in a civil action in a United States district court is the filing of [a] complaint with the clerk or the judge." 4 Wright, Miller, Kane, Marcus & Steinman, FED. PRAC. & PROC. CIV. § 1052 (3d ed. 2002 & Supp. 2014); FED.R.CIV.P. 3 ("A civil action is commenced by filing a *complaint* with the court.") (emphasis added). Pursuant to FED. R. CIV. P. 8(a), a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a)(1)-(3).

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction "must neither be disregarded nor evaded." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). The Court must determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, while Plaintiff's letter describes his desire to proceed with civil rights claims against CAL officials, the letter itself does not comply with Rule 8's basic pleading requirements. Nor does Plaintiff affirmatively allege subject matter jurisdiction pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 1343(a)(3). *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.").

Thus, based on these failures, the Court finds Plaintiff has failed to "state[] a claim to relief that is plausible on its face," *Ashcroft v. Iqbal,* U.S. 662, 678 (2009) (citation omitted), and his case must be dismissed. *See Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011) (noting court's obligation under the Prison Litigation Reform Act to "review, before docketing or as soon thereafter as practicable, any civil action brought

by a prisoner seeking redress from a governmental entity, officer or employee," and its requirement to dismiss complaints or any portion thereof that are "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seek[ing] monetary relief from a defendant who is immune" pursuant to 28 U.S.C. § 1915A(a), (b)).

## III.   LEAVE TO AMEND

Because Plaintiff is proceeding pro se and contends that he intends to pursue civil rights claims against CAL officials, *see* ECF Doc. No. 1 at 1, the Court would normally grant him an opportunity to file both a proper Complaint pursuant to 42 U.S.C. § 1983, as well as a Motion to Proceed IFP. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "This policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

However, doing so under the circumstances appears both unnecessary and futile, since a review of this Court's docket confirms that the civil rights Complaint Plaintiff alleges he initially and "accidentally" filed in the Central District of California on July 31, 2015, and which alleges the deprivation of medical care at CAL, *Sharpe v. California Correctional Healthcare Servs., et al.*, C.D. Cal. Civil Case No. 2:15-cv-05792-AG-AFM, has since been transferred here, assigned a new case number, and is currently pending before the Honorable U.S. District Judge Marilyn L. Huff. *See Sharpe v. California Correctional Healthcare Servs., et al.*, S.D. Cal. Civil Case No. 3:15-cv-1834-H-JLB; *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Because Plaintiff may not proceed with duplicative actions, *see Cato v. United States*, 70 F.3d 1103, 1105 n.3 (9th Cir. 1995) (affirming district court's sua sponte dismissal of a complaint "that merely repeat[ed] pending or previously litigated claims" as frivolous pursuant to 28 U.S.C. § 1915) (citation omitted), the Court finds granting him leave to amend in order to proceed separately in a parallel civil action alleging similar

claims for relief would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (noting "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has been filed in another district.").

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1)   **DISMISSES** this action without prejudice for failing to pay the $400 filing fee required by 28 U.S.C. § 1914(a), failing to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and failing to file a Complaint which alleges federal subject matter jurisdiction pursuant to FED. R. CIV. P. 3, 8(a)(1)-(3), and 12(h)(3); and

(2)   **DENIES** leave to amend in this case, but without prejudice to Plaintiff's pursuit of his pending inadequate medical care claims in *Sharpe v. California Correctional Healthcare Servs.*, et al., S.D. Cal. Civil Case No. 15-cv-1834-H-JLB.

The Clerk is directed to close the file.

**IT IS SO ORDERED**.

DATED:  November 10, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge